UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **GRETCHEN ANN GARDNER,** *Plaintiff* | § § § | |
| v. | § § | No. A-23-CV-00035-LY |
| **DOES 1-99,** *Defendant* | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is the above-entitled cause of action. Plaintiff Gretchen Ann Gardner has been ordered to pay a filing fee and failed to do so. Accordingly the undersigned submits this Report and Recommendation.

### I.   DISCUSSION

On January 10, 2023, Plaintiff Gardner filed a "Special Cause of Action". Dkt. 1. She identified her case as a "miscellaneous filing in the registry in chancery" and paid the filing fee applicable to a miscellaneous cause of action, which is $49. She also appended various exhibits including an alleged birth certificate. Gardner seems to be requesting that the court grant her equity in certain unidentified security interests which she believes Judge Yeakel can administer. She also requests the Postmaster be assigned some sort of equity interest for her benefit from the United States Treasury. Gardner signs each of her pleadings with a thumb print and in one case possibly a toe print. She submits her birth certificate as evidence in support of her

claims. Gardner has also filed a Motion to Deposit Funds, Dkt. 4, and Motion to Enforce Trust, Dkt. 8.

On February 9, 2023, the undersigned entered the following Order:

> Before the Court is the above-entitled cause of action. Plaintiff Gretchen Ann Gardner has filed this cause of action as a miscellaneous case and filed the applicable fee. After further review, the undersigned finds this cause of action does not qualify as a miscellaneous case, and should have been filed as a civil case. Accordingly, Gardner is required to pay the filing fee requisite of a civil case. The undersigned ORDERS the Clerk's Office to convert this cause of action to a civil case and ORDERS Gardner to pay the remaining filing fee of $353 by February 28, 2023. Gardner is WARNED that failure to pay the fee may result in dismissal of her case.

Dkt. 5.

In response to this Order, Gardner has re-urged her request that the court administer certain assets in trust for her and signs her pleadings as "living woman on land" and "vessel/transmitting utility." Most importantly, Gardner has failed to pay the fee as required, and the deadline to do so has passed.

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or its inherent authority to manage its docket. Under Rule 41(b), a court may dismiss a plaintiff's claims where the plaintiff has failed to prosecute his claims, comply with the Federal or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have "inherent power" to dismiss for want of prosecution). Gardner has failed to comply with the Court's Order to pay her fee. Accordingly, the undersigned recommends that the Court dismiss this case without prejudice.

## II.   RECOMMENDATION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Gardner's suit **WITHOUT PREJUDICE** and **DISMISS** any pending motions. Finally, the Clerk is directed to remove this case from the undersigned's docket and return it to the docket of the District Judge Lee Yeakel.

## III.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 7, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE